UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-4849 PSG (RAOx) | Date | August 27, 2020 |
| Title | Producer-Writers Guild of America Pension Plan et al v. TNC Productions PTE. LTD. Safe Zone Productions PTE. LTD. et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS IN SUBSTANTIAL PART the motion for attorneys' fees and costs**

Before the Court is Plaintiffs Producer-Writers Guild of America Pension Plan, Board of Directors of the Producer-Writers Guild of America Pension Plan, Writers' Guild-Industry Health Fund, and Board of Trustees of the Writers Guild-Industry Health Fund's (collectively, "Plaintiffs") motion for attorneys' fees and costs. *See* Dkt. # 35 ("*Mot.*"). Defendants TNC Productions Pte. Ltd./Safe Zone Productions Pte. Ltd. and Facing East Entertainment, LLC ("Defendants") have not opposed. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS IN SUBSTANTIAL PART** Plaintiffs' motion, subject to the revisions below.

## I. Background

Plaintiffs, multiemployer benefit plans, brought this action to collect delinquent contributions owed to the Plaintiffs under Section 502 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001, et seq. *See Complaint*, Dkt. # 1 ("*Compl.*"). Plaintiffs subsequently amended the complaint. *See First Amended Complaint*, Dkt. # 13 ("*FAC*"). After Defendants failed to timely respond, Plaintiffs moved for default, which was entered on December 20, 2019. *See* Dkts. # 17–22. Default judgment was entered against the Defendants on February 25, 2020. *See* Dkt. # 31. Plaintiffs move for an award of attorneys' fees and costs. *See Mot.*

## II. Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g.*, *U.S. v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). In order to award attorneys' fees to a party in litigation, a court must be satisfied that both (1) the party is entitled to the fees and (2) that the fee award is reasonable.

The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'" *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *see also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (using lodestar method to calculate attorneys' fees in ERISA case). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Caudle*, 224 F.3d at 1028 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Unless some exceptional circumstances justify deviation, the lodestar is presumed reasonable. *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). After computing the lodestar, the district court is to assess whether additional considerations, enumerated in *Kerr v. Screen Extras Guild. Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), require the court to adjust the lodestar figure. *Caudle*, 224 F.3d at 1028.

III. Discussion

Plaintiffs request that the Court use the lodestar method to calculate attorneys' fees. The Local Rules set a fee schedule to calculate attorneys' fees awarded upon default judgment, but permit an attorney that claims a fee in excess of the schedule to file "a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." L.R. 55-3.

Under ERISA, in any action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145, for delinquent contributions, in which judgment in favor of the plan is awarded, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2); *Woodward Sand Co. v. W. Conference of Teamsters Pension Tr. Fund*, 789 F.2d 691, 697–98 (9th Cir. 1986). An award of such fees and costs is mandatory. *See id.* Fees for work performed by paralegals may be included in an award under § 1132(g)(2). *See Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1256–57 (9th Cir. 2006).

First, the Court concludes that Plaintiffs are entitled to attorneys' fees and costs under § 1132(g)(2), because they are multiemployer plans and judgment has been entered in their favor for delinquent contributions. The Court next turns to the lodestar calculation.

A. Lodestar Calculation

*i. Rate*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community." (citation omitted)); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). A court can rely on the declaration of a prevailing plaintiff's attorney regarding the prevailing fees in the community. *See United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (district court properly relied on a declaration from plaintiff's counsel to establish prevailing fees in ERISA case).

Plaintiffs' counsel seek an hourly rate of $475 per hour for Katherine McDonough, an attorney and shareholder in Kraw Law Group, APC, $330 per hour for Jessica N. Melgar, an associate, and $160 per hour for paralegal Rochelle Carter. *See Mot.* 3–5. Plaintiffs submit a declaration of counsel including a description of the attorneys' experience and credentials. *See Declaration of Katherine McDonough*, Dkt. # 35-2 ("*McDonough Decl.*"), ¶¶ 1–5. For example, Ms. McDonough has been representing employees, unions, and Taft-Hartley ERISA benefit funds before boards of arbitration and state and federal courts for nineteen years. *See McDonough Decl.* ¶ 2.

The Court consults the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a starting point in its analysis. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D.

Cal. Sept. 2, 2014). The Real Rate Report lists the median hourly rate for "Employment and Labor: ERISA" litigation partners at $505, and associates at $383. *See Real Rate Report* at 11. It also lists the median hourly rate for ERISA paralegal at $250. *See id.* The requested hourly rates of $475 for Ms. McDonough, $330 for Ms. Melgar, and $160 for Ms. Carter, thus fall within a reasonable range for partner-level attorneys, associate-level attorneys and paralegals, respectively. Plaintiffs also cite to cases supporting the conclusion that the requested rates are reasonable based on the prevailing rates in the community. *See Rangel v. Aetna Life Ins. Co.*, No. 5:15-cv-00303-ODW (KKx), 2016 WL 1449539, at *6 (C.D. Cal. Apr. 12, 2016) (discussing case law suggesting that the prevailing rate for ERISA attorneys in the Los Angeles area is between $425 and $600 per hour, and approving $500 per hour rate); *Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP (RNBx), 2008 WL 1749473, at *2 (C.D. Cal. Apr. 7, 2008) (finding that the "2008 prevailing market rate for plaintiff-side partner-level ERISA attorneys is $400-575/hour," and $350 is a reasonable rate for associates); *Hawkins-Dean v. Metro. Life Ins. Co.*, No. 2:03-CV-01115ER, 2007 WL 2735684, at *1 (C.D. Cal. Sept. 18, 2007) (finding reasonable an hourly rate of $575 for a partner; $350 for associates; and $200 for law clerks in ERISA action); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (finding reasonable an hourly rate of $575 for shareholder in the law firm, $350 and $330 for associates, and $200 for law student clerks in ERISA action).

Having considered the declarations attesting to the attorneys' experience, the Real Rate Report, and the case law cited, the Court concludes that the requested rates are reasonable.

*ii. Hours Expended*

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). "The district court . . . should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). Hours not reasonably expended are those that are "excessive, redundant, or otherwise unnecessary." *Id.* A district court may reduce hours by either conducting an hour-by-hour analysis or by making an across-the-board percentage cut. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1106.

Plaintiffs seek fees for 104 hours billed on this case, for a total lodestar amount of $30,931.50. Plaintiffs' counsel has submitted attorneys' time entries spent on this matter. *See McDonough Decl.* ¶ 6, Ex. 1 ("*Billing Statement*"). Plaintiffs' counsel seeks fees for 37.40

hours spent on the complaint, the amended complaint, and foreign Defendant notification and service; 49.50 hours spent on researching and drafting the motion for default; 13.30 hours spent on the motion for attorneys' fees and bill of costs; 1.50 hours spent on case status review; 1.30 hours spent on research, .80 hours spent on communication with client, and .30 hours spent on communication with opposing counsel. *See Mot.* 6.

The Court concludes that various entries are "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434. In particular, while the Court recognizes that this case involved complex issues of service given that both Defendants are foreign nationals, the 37.40 hours spent for researching and drafting the complaint, amending the complaint, and notifying and serving the foreign Defendants appear excessive; as does the 49.50 hours spent on preparing the motion for default. This is especially so in light of the 6-page complaint and 7-page amended complaint. *See* Dkts. # 1, 13. The Court also notes that the approved reasonable hours expended in other ERISA default judgments are substantially less than those requested here. *See, e.g.*, *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. 3B Enterprises, LLC*, No. 19-CV-06603-SK, 2020 WL 2736469, at *6 (N.D. Cal. May 8, 2020) (approving attorneys' fees on ERISA declaratory judgment pursuant to 29 U.S.C. § 1132(g)(2)(D), where 30.30 hours spent); *Bd. of Trustees v. Diversified Concrete Cutting, Inc.*, No. 17-CV-06938-MEJ, 2018 WL 3241040, at *6 (N.D. Cal. July 3, 2018) (approving attorneys' fees on ERISA declaratory judgment where 30.25 hours of attorney and paralegal time spent). Finally, having reviewed the billing records, there are several entries in which attorneys billed for items that appear to solely relate to clerical tasks, for instance "gather[ing] exhibits" and "update[ing] file with exhibits." *See id.* at 1. Clerical work, which includes tasks such as mailing, calendaring, obtaining transcripts, and recording hours worked, is not billable. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). In addition, there are several entries by a partner-level attorney for items that could be completed by lower-level staff, such as "prepare filing of redacted documents." *See Billing Statement* at 2. "It simply is not reasonable for a lawyer to bill, at her hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1542 (9th Cir. 1992).

Considering the issues identified above and after reviewing the Billing Statement, the Court concludes that it is appropriate to reduce the lodestar by a conservative twenty percent as a reasonable reduction based on the Court's review of excessive and otherwise problematic time entries. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (a district court can impose a minor across-the-board 10 percent reduction, a "haircut," based on its exercise of discretion and without a more specific explanation). Applying a twenty percent reduction to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-4849 PSG (RAOx) | Date | August 27, 2020 |
| Title | Producer-Writers Guild of America Pension Plan et al v. TNC Productions PTE. LTD. Safe Zone Productions PTE. LTD. et al. | | |

lodestar amount of $30,931.50, produces a total revised lodestar amount of $24,745.20.[1] Finally, no adjustment pursuant to the *Kerr* factors is requested, and the Court does not believe an adjustment is warranted.

In sum, the Court concludes that the rates and reduced hours as described above are reasonable, for a total lodestar amount of $24,745.20 in attorneys' fees.

B. Non-Taxable Costs

Per ERISA, 28 U.S.C. § 1132(g)(2)(D), the Court may award reasonable litigation costs. Plaintiffs request a total of $659.50 in service fees. *See McDonough Decl.* ¶ 6, Ex. 2 (Invoices). The Court **GRANTS** Plaintiffs' request for costs.

IV. Conclusion

For the foregoing reasons the Court **GRANTS IN SUBSTANTIAL PART** Plaintiffs' motion for attorneys' fees and costs, and concludes Plaintiffs are entitled to: **$24,745.20** in attorneys' fees and **$659.50** in costs.

**IT IS SO ORDERED**.

[1] The calculation is as follows: 30,931.50 – 6,186.30 = 24,745.20.